1   DANIEL K. CRANE-HIRSCH
    Daniel.Crane-Hirsch@usdoj.gov
2   Trial Attorney
    Office of Consumer Litigation, U.S. Department of Justice
3   PO Box 386
    Washington, DC  20044-0386
4   Telephone:  202-616-8242
    Fax:  202-514-8742
5   Attorney for Plaintiff UNITED STATES OF AMERICA

6   MICHAEL L. MALLOW
    mmallow@loeb.com
7   Loeb & Loeb LLP
    10100 Santa Monica Boulevard, Suite 2200
8   Los Angeles, CA 90067-4120
    Telephone: 310-282-2000
9   Fax: 310-919-3883
    Attorney for Defendants DAMIAN ROBERT KUTZNER and GLOBAL MORTGAGE
10      FUNDING, INC.

11
                    **UNITED STATES DISTRICT COURT**
12                  **CENTRAL DISTRICT OF CALIFORNIA**

13
14  UNITED STATES OF AMERICA,
         Plaintiff,
15
              v.                    Civil No. SACV07-1275 DOC
16                                  (PJWx)
    GLOBAL MORTGAGE FUNDING, INC.,
17  a California corporation, also  **STIPULATED JUDGMENT AND**
    f/d/b/a Global Realty, Inforte  **ORDER FOR PERMANENT**
18  Financial, and U.S. Escrow;     **INJUNCTION**

19       and

20  DAMIAN ROBERT KUTZNER,
    individually and as an officer
21  or director of Global Mortgage
    Funding, Inc.,
22       Defendants.

23
24       Plaintiff, the United States of America, acting upon

    notification and authorization to the Attorney General by the
25
    Federal Trade Commission ("FTC" or the "Commission"), commenced
26
    this action by filing the complaint herein, and Individual
27
    Defendant Damian Robert Kutzner and Corporate Defendant Global
28

STIPULATED JUDGMENT AND ORDER    1

Mortgage Funding, Inc., each waived service of the summons and the complaint pursuant to Fed. R. Civ. P. 4(d). The parties are: (1) the Plaintiff, represented by the attorneys whose names appear hereafter; (2) Individual Defendant Damian Robert Kutzner, represented by Michael L. Mallow, and by James J. Joseph in his capacity as Chapter 7 Bankruptcy Trustee for Damian Robert Kutzner (the "Trustee"); and (3) Corporate Defendant Global Mortgage Funding, Inc., by and through its President, Damian Robert Kutzner, its attorney, Michael L. Mallow, and James J. Joseph in his capacity as Chapter 7 Bankruptcy Trustee for Global Mortgage Funding, Inc. (the "Trustee"). The parties have agreed to settlement of this action without adjudication of any issue of fact or law (other than those decided by this Court's order granting the United States' motion to Strike Affirmative Defenses (R. 24; filed May 15, 2008)), and without Defendants' admitting liability for any of the violations alleged in the complaint.

THEREFORE, on the joint motion of Plaintiff, Individual Defendant Damian Robert Kutzner, and Corporate Defendant Global Mortgage Funding, Inc., it is hereby ORDERED, ADJUDGED AND DECREED as follows:

## FINDINGS

1. This Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 1331, 1337(a), 1345 and 1355, and 15 U.S.C. §§ 45(m)(1)(A), 53(b), 56(a), and 57b.

2. Venue is proper as to all parties in this District.

3. The activities of Defendants are in or affecting commerce, as defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

STIPULATED JUDGMENT AND ORDER    2

1    4.   The allegations of the complaint state a claim upon

2    which relief may be granted against Defendants, under Sections

3    5(a), 5(m)(1)(A), 13(b) and 19 of the Federal Trade Commission

4    Act ("FTC Act"), 15 U.S.C. §§ 45(a), 45(m)(1)(A), 53(b), and 57b.

5    5.   The Commission previously sued present Defendants for

6    alleged violations of the Federal Trade Commission Act, 15 U.S.C.

7    § 53(b), and Sections 521(a) and 522(a) of the Gramm-Leach-Bliley

8    Act ("GLB Act"), 15 U.S.C. §§ 6821(a) and 6822(a).  *FTC v. GM*

9    *Funding, et al.*, No. 8:02-cv-01026-DOC (C.D. Cal. filed Nov. 6,

10   2002).  The parties resolved that litigation with a consent

11   decree signed and issued by this Court May 3, 2003.

12   6.   On November 7, 2006, Corporate Defendant Global

13   Mortgage Funding, Inc. filed a voluntary petition for relief

14   under the liquidation provisions of Chapter 7 of the Bankruptcy

15   Code, 11 U.S.C. § 101 et seq., in the United States Bankruptcy

16   Court for this district, *In re Global Mortgage, Inc.*, No. 8:06-

17   12039-RK (Bankr. C.D. Cal. filed Nov. 7, 2006) (the "Global

18   Mortgage Bankruptcy Case").  Subsequently, James J. Joseph was

19   appointed Chapter 7 Trustee in the Global Mortgage Bankruptcy

20   Case.

21   7.   On May 15, 2008, Individual Defendant Damian Robert

22   Kutzner filed a voluntary petition for relief under the

23   liquidation provisions of Chapter 7 of the Bankruptcy Code, 11

24   U.S.C. § 101 et seq., in the United States Bankruptcy Court for

25   this district, *In re Damian Robert Kutzner*, No. 8:08-bk-12656-ES

26   (Bankr. C.D. Cal. filed May 15, 2008) (the "Kutzner Personal

27   Bankruptcy Case") (together with the Global Mortgage Bankruptcy

28   Case, "the Bankruptcy Cases").  Subsequently, James J. Joseph was

STIPULATED JUDGMENT AND ORDER    3

1   appointed Chapter 7 Trustee for the Kutzner Personal Bankruptcy

2   Case.

3       8.   This action, including the enforcement of a judgment

4   other than a money judgment, is not subject to the automatic

5   bankruptcy stay provisions of 11 U.S.C. § 362(a)(1), (2), (3) or

6   (6), because this action is brought by the United States pursuant

7   to referral by the Commission to enforce the Commission's police

8   or regulatory power as a governmental unit.   Under 11 U.S.C.

9   § 362(b)(4), it is thus exempt from the automatic stay.   *See FTC*

10  *v. First Alliance Mortgage Co. (In re First Alliance Mortgage*

11  *Co.)*, 264 B.R. 634, 645-51 (C.D. Cal. 2001) (Carter, J.).

12      9.   The Trustee has filed motions in the Bankruptcy Cases

13  and obtained the Bankruptcy Court's approval to enter into this

14  Order and take any and all actions necessary and appropriate to

15  implement and effectuate the terms and conditions of this Order.

16      10.   Defendants have entered into this Stipulated Judgment

17  and Order for Permanent Injunction ("Order") freely and without

18  coercion.   Defendants further acknowledge that they have read the

19  provisions of this Order and are prepared to abide by them.

20      11.   Plaintiff and Defendants hereby waive all rights to

21  appeal or otherwise challenge or contest the validity of this

22  Order.

23      12.   Defendants agree that this Order does not entitle

24  Defendants to seek or obtain attorneys' fees as a prevailing

25  party under the Equal Access to Justice Act, 28 U.S.C. § 2412,

26  and Defendants further waive any rights to attorneys' fees that

27  may arise under said provision of law.

28      13.   Entry of this Order is in the public interest.

STIPULATED JUDGMENT AND ORDER      4

**DEFINITIONS**

For the purpose of this Order, the following definitions shall apply:

1.   "Asset" means any legal or equitable interest in, or right or claim to, any real and personal property, including without limitation, chattels, goods, instruments, equipment, fixtures, general intangibles, leaseholds, mail or other deliveries, inventory, checks, notes, accounts, credits, contracts, receivables, shares of stock, and all cash, wherever located.

2.   "Assisting others," in the context of assisting others who are engaging or participating in telemarketing, means knowingly providing any of the following goods or services to another person or entity: (a) performing customer service functions, including, but not limited to, receiving or responding to customer complaints; (b) formulating or providing, or arranging for the formulation or provision of, any telephone sales script or any other marketing material; (c) providing names of, or assisting in the generation of, potential customers, or (d) performing marketing services of any kind.

3.   "Commission" means Federal Trade Commission.

4.   "Customer" means any person who is or may be required to pay for goods or services offered through telemarketing.

5.   "Defendants" means the Individual Defendant and the Corporate Defendant, individually, collectively, or in any combination.

   a.   "Corporate Defendant" means Global Mortgage Funding, Inc., a California corporation, also

1          f/d/b/a Global Realty, Inforte Financial, and U.S.

2          Escrow;

3     b.    "Individual Defendant" means Damian Robert

4          Kutzner, individually and as an officer and

5          director of Global Mortgage Funding, Inc.

6     6.    "Donor" means any person solicited to make a charitable

7 contribution.

8     7.    "Engaging or participating in telemarketing" includes

9 personally participating in telemarketing; managing others who

10 participate in telemarketing; and owning or operating an

11 enterprise conducting telemarketing.

12    8.    "Established business relationship" means a

13 relationship between a seller and a person based on:

14         (a) the person's purchase, rental, or lease of the

15         seller's goods or services or a financial transaction

16         between the person and seller, within the eighteen (18)

17         months immediately preceding the date of the telemarketing

18         call; or

19         (b) the person's inquiry or application regarding a

20         product or service offered by the seller, within the three

21         (3) months immediately preceding the date of a telemarketing

22         call.

23    9.    "FTC" means Federal Trade Commission.

24    10.   "National Do Not Call Registry" means the National Do

25 Not Call Registry, which is the "do-not-call" registry maintained

26 by the Commission pursuant to 16 C.F.R. § 310.4(b)(1)(iii)(B).

27    11.   "Representatives" means Defendants' agents, servants,

28 employees and those persons in active concert or participation

STIPULATED JUDGMENT AND ORDER    6

with them who receive actual notice of this Order by personal
service or otherwise.

12.  "Seller" means any person who, in connection with a
telemarketing transaction, provides, offers to provide, or
arranges for others to provide goods or services to a customer in
exchange for consideration, whether or not such person is under
the jurisdiction of the Commission.

13.  "Telemarketer" means any person who, in connection with
telemarketing, initiates or receives telephone calls to or from a
customer or donor.

14.  "Telemarketing Sales Rule" or "Rule" means the FTC Rule
entitled "Telemarketing Sales Rule," 16 C.F.R. Pt. 310 (2008),
attached hereto as Appendix A and as may be hereafter amended.

15.  "Telemarketing" means a plan, program, or campaign
which is conducted to induce the purchase of goods or services or
a charitable contribution, by use of one or more telephones.  The
term includes a plan, program, or campaign where callers purport
to take an informational survey, but also offer to sell goods or
services.

(a)  The term does not include the solicitation of
sales through the mailing of a catalog that: Contains a
written description or illustration of the goods or services
offered for sale; includes the business address of the
seller; includes multiple pages of written material or
illustrations; and has been issued not less frequently than
once a year, when the person making the solicitation does
not solicit customers by telephone but only receives calls
initiated by customers in response to the catalog and during

1   those calls takes orders only without further solicitation.

2   For purposes of the previous sentence, the term "further

3   solicitation" does not include providing the customer with

4   information about, or attempting to sell, any other item

5   included in the same catalog which prompted the customer's

6   call or in a substantially similar catalog.

7       16.  "Outbound telephone call" means a telephone call

8   initiated by a telemarketer to induce the purchase of goods or

9   services or to solicit a charitable contribution.

10      17.  "Person" means any individual, group, unincorporated

11  association, limited or general partnership, corporation, or

12  other business entity.

13                          **<u>ORDER</u>**

14  **I.  PROHIBITION AGAINST TELEMARKETING BY INDIVIDUAL DEFENDANT**

15      **IT IS ORDERED** that for five (5) years from entry of this

16  Order, Individual Defendant Damian Robert Kutzner and his

17  Representatives are hereby prohibited from engaging or

18  participating in telemarketing, and from assisting others who are

19  engaging or participating in telemarketing, provided that for

20  purposes of this provision "telemarketing" does not include

21  telephone calls conducted to induce the purchase or goods or

22  services by a business, except calls to induce the retail sale of

23  non-durable office or cleaning supplies.

24      **II. PROHIBITION AGAINST VIOLATIONS OF THE TELEMARKETING**
        **SALES RULE BY INDIVIDUAL DEFENDANT**

25      **IT IS FURTHER ORDERED** that, in connection with

26  telemarketing, Individual Defendant Damian Robert Kutzner and his

27  Representatives are hereby permanently restrained and enjoined

28

STIPULATED JUDGMENT AND ORDER     8

1  from engaging in, causing other persons to engage in, or

2  assisting other persons to engage in, violations of the

3  Telemarketing Sales Rule, including but not limited to:

4      A.   Failing to transmit or causing to be transmitted the

5  telephone number, and, when made available by the carrier, the

6  name of the telemarketer or seller, to any caller identification

7  service in use by a recipient of a telemarketing call; *provided*

8  that it shall not be a violation to substitute (for the name and

9  phone number used in, or billed for, making the call) the name of

10  the seller or charitable organization on behalf of which a

11  telemarketing call is placed, and the seller's or charitable

12  organization's customer or donor service telephone number, which

13  is answered during regular business hours;

14      B.   Initiating any outbound telephone call to a person's

15  telephone number on the National Do Not Call Registry of persons

16  who do not wish to receive outbound telephone calls to induce the

17  purchase of goods or services unless the seller proves:

18         1.   the seller has obtained the express agreement, in

19  writing, of such person to place calls to that person.  Such

20  written agreement shall clearly evidence such person's

21  authorization that calls made by or on behalf of a specific party

22  may be placed to that person, and shall include the telephone

23  number to which the calls may be placed and the signature of that

24  person; or

25         2.   the seller has an established business

26  relationship with such person and that person has not previously

27  stated that he or she does not wish to receive outbound telephone

28  calls made by or on behalf of the seller;

STIPULATED JUDGMENT AND ORDER     9

C.    Initiating any outbound telephone call to a person when that person has previously stated that he or she does not wish to receive an outbound telephone call made by or on behalf of the seller whose goods or services are being offered or made by or on behalf of the charitable organization for which a charitable contribution is being solicited;

D.    Initiating any outbound telephone call to a telephone number within a given area code without first paying the required annual fee for access to the telephone numbers within that area code that are on the National Do Not Call Registry;

E.    Abandoning any outbound telephone call to a person by failing to connect the call to a representative within two seconds of the person's completed greeting, unless the following four conditions are met:

    1.    Individual Defendant and his Representatives employ technology that ensures abandonment of no more than three percent of all calls answered by a person, measured over the duration of a single calling campaign, if less than 30 days, or separately over each successive 30-day period or portion thereof that the campaign continues; and

    2.    Individual Defendant and his Representatives, for each telemarketing call placed, allow the telephone to ring for at least fifteen seconds or four rings before disconnecting an unanswered call; and

    3.    Whenever a Representative is not available to speak with the person answering the call within two seconds after the person's completed greeting, the seller or telemarketer promptly plays a recorded message that states the name and

STIPULATED JUDGMENT AND ORDER      10

1   telephone number of the seller on whose behalf the call was

2   placed; and

3         4.   Individual Defendant and his Representatives

4   retain records, in accordance with 16 C.F.R. § 310.5(b)-(d),

5   establishing compliance with the preceding three conditions;

6   *provided, however,* that Individual Defendant and his

7   Representatives may not allocate to others any record-keeping

8   responsibilities under 16 C.F.R. § 310.5(c);

9         *And further provided, however,* that if the Commission

10  promulgates rules that modify or supersede the Telemarketing

11  Sales Rule, in whole or part, Individual Defendant shall comply

12  fully and completely with all applicable requirements thereof, on

13  and after the effective date of any such rules.

14  **III.  CIVIL PENALTY, MONETARY JUDGMENT, AND RIGHT TO REOPEN**

15      **IT IS FURTHER ORDERED** that:

16      A.   Judgment in the amount of **six million dollars exactly**

17  ($6,000,000.00) is hereby entered in favor of the United States

18  and against Individual Defendant Damian Robert Kutzner and

19  Corporate Defendant Global Mortgage Funding, Inc., jointly and

20  severally, as a civil penalty, pursuant to Section 5(m)(1)(A) of

21  the Federal Trade Commission Act, 15 U.S.C. § 45(m)(1)(A).  Based

22  upon Individual Defendant's sworn representations in his first-

23  amended bankruptcy schedules and statement of financial affairs

24  in the Kutzner Personal Bankruptcy Case, full payment for the

25  foregoing civil penalty is suspended, contingent upon the

26  accuracy and completeness of those representations, as set forth

27  in Subparagraphs B and C of this Paragraph.

28

STIPULATED JUDGMENT AND ORDER    11

1        B.   The civil penalty judgment against Individual Defendant

2   shall be suspended subject to the conditions set forth in this

3   subparagraph.   Plaintiff's agreement to this Order is expressly

4   premised upon the truthfulness, accuracy and completeness of

5   Individual Defendant's initial bankruptcy schedules A, C, D, E,

6   G, I, and J; initial statement of intention; first-amended

7   bankruptcy schedules B, F, and H, and first-amended statement of

8   financial affairs ("Individual Defendant's Bankruptcy Filings").

9   Individual Defendant signed the initial bankruptcy documents

10  under penalties of perjury on June 30, 2008, and filed them the

11  same date in the Kutzner Personal Bankruptcy Case; and he signed

12  the first-amended documents August 25, 2008, and filed them the

13  same date in the Kutzner Personal Bankruptcy Case.   Individual

14  Defendant voluntarily signed these documents with assistance of

15  counsel and under penalties of perjury.   They include material

16  information upon which Plaintiff has relied in negotiating and

17  agreeing to this Order.

18       C.   If, upon motion by Plaintiff, this Court finds that

19  Individual Defendant's Bankruptcy Filings failed to disclose any

20  material asset or materially misstated the value of any asset, or

21  made any other material misstatement or omission, then:

22       1.   This Order shall be reopened and suspension of the

23  judgment shall be terminated for the purpose of requiring payment

24  of civil penalty in the full amount of the monetary judgment ($6

25  million);

26       2.   Plaintiff shall be allowed general unsecured claims

27  in the amount of **six million dollars exactly** ($6,000,000.00) (the

28  "Bankruptcy Claims") in the Bankruptcy Cases, if not closed or

STIPULATED JUDGMENT AND ORDER    12

dismissed, and in any subsequent bankruptcy cases that Defendants file;

3.   Plaintiff's Bankruptcy Claims shall be classified and entitled to receive the treatment afforded to holders of allowed unsecured claims under the terms and conditions of any plan or plans of reorganization or liquidation confirmed by the Bankruptcy Court or any distribution by a Chapter 7 Trustee; and

4.   Plaintiff shall participate in any payments in such bankruptcy cases paid on account of such allowed unsecured claims in accordance with the priorities of Section 726 of the Bankruptcy Code, 11 U.S.C. § 726.

*Provided, however*, that in all other respects this Order shall remain in full force and effect, unless otherwise ordered by the Court.

D.   In accordance with 31 U.S.C. § 7701(c)(2)(D) and (c)(3), Defendants are hereby required, unless they have done so already, to furnish to Plaintiff and the FTC their taxpayer identifying numbers (social security numbers or employer identification numbers), which Plaintiff and the FTC shall use for purposes of collecting and reporting on any delinquent amounts arising out of Defendants' relationships with the government.

E.   This judgment is a civil penalty owed to the United States Government and is not compensation for actual pecuniary loss.  Defendants hereby waive any right to contest the facts as alleged in the Complaint in any bankruptcy case or subsequent civil litigation pursued by Plaintiff or the Commission to enforce rights to any payment or money judgment pursuant to this

STIPULATED JUDGMENT AND ORDER    13

1  Order, including but not limited to a nondischargeability

2  complaint in any bankruptcy case.  Defendants further waive any

3  right to contest that the facts found in the "Findings" section

4  of this Order establish all elements necessary to sustain an

5  action pursuant to, and that this Order shall have collateral

6  estoppel effect for purposes of Section 523(a)(7) of the

7  Bankruptcy Code, 11 U.S.C. § 523(a)(7) (relating to

8  nondischargeability of any debt that "is for a fine, penalty, or

9  forfeiture payable to and for the benefit of a governmental unit,

10  and is not compensation for actual pecuniary loss . . .").

11      F.   Proceedings instituted under this Paragraph are in

12  addition to, and not in lieu of, any other civil or criminal

13  remedies that may be provided by law, including any other

14  proceedings Plaintiff or the Commission may initiate to enforce

15  this Order.

16              **IV.  COMPLIANCE MONITORING OF INDIVIDUAL DEFENDANT**

17      **IT IS FURTHER ORDERED** that, for the purpose of

18  (i) monitoring and investigating compliance with any provision of

19  this Order, and (ii) investigating any discrepancies in the

20  accuracy of Individual Defendant's bankruptcy petition, first-

21  amended schedules, and statement of financial affairs, upon which

22  Plaintiff's agreement to this Order is expressly premised:

23      A.   Within ten (10) days of service of written notice from

24  a representative of the Plaintiff or the Commission, Individual

25  Defendant shall:

26           1.   Submit additional written reports, which are true

27  and accurate and sworn to under penalty of perjury;

28           2.   produce documents for inspection and copying;

STIPULATED JUDGMENT AND ORDER     14

1          3.    appear for deposition; and/or

2          4.    provide entry during normal business hours to any

3    business location in Defendant's possession or direct or indirect

4    control to inspect the business operation.

5    B.    Plaintiff and the Commission are authorized to use all

6    other lawful means, including but not limited to:

7          1.    obtaining discovery from any person, without

8    further leave of court, using the procedures prescribed by Fed.

9    R. Civ. P. 30, 31, 33, 34, 36, 45 and 69; and

10         2.    posing as consumers and suppliers to Defendant,

11   his employees, or any other entity managed or controlled in whole

12   or in part by Defendant, without identification or prior notice.

13   C.    Individual Defendant shall permit representatives of

14   the Plaintiff and the Commission to interview any employer,

15   consultant, independent contractor, Representative, agent, or

16   employee who has agreed to such an interview, relating in any way

17   to any conduct subject to this Order.   The person interviewed may

18   have counsel present.

19   ***Provided, however,*** that nothing in this Order shall limit

20   the Commission's lawful use of compulsory process, pursuant to

21   Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1, to

22   obtain any documentary material, tangible things, testimony, or

23   information relevant to unfair or deceptive acts or practices in

24   or affecting commerce (within the meaning of 15 U.S.C.

25   § 45(a)(1)).

26

27

28

STIPULATED JUDGMENT AND ORDER     15

**V.   COMPLIANCE REPORTING BY INDIVIDUAL DEFENDANT**

**IT IS FURTHER ORDERED** that, in order that compliance with the provisions of this Order may be monitored:

A.   For seven (7) years from the entry of this Order,

    1.   Individual Defendant shall notify the Commission of the following:

        a.   Any changes in his residence, mailing addresses, and/or telephone numbers, within ten (10) days of such change;

        b.   Any changes in his employment status (including self-employment), and any changes in his ownership or control of any business entity, within ten (10) days of such change.  Such changes shall include:

            (1)   change in business name or address;

            (2)   incorporation, formation, or other organization;

            (3)   dissolution, assignment, sale, merger, or other action; and

            (4)   creation or dissolution of any subsidiary, parent, or affiliate.

        c.   Any changes in his name, and any uses of any aliases, fictitious names, or "doing business as" names, within ten (10) days of such change or usage.

        d.   Notices under this Paragraph V(A)(1) shall include:

            (1)   the name and address of each business Individual Defendant is affiliated with, employed by, creates or forms, or performs services for;

STIPULATED JUDGMENT AND ORDER     16

（2）　a detailed description of the nature of
each such business;

（3）　a detailed description of Individual
Defendant's duties and responsibilities in
relation to each such business or employment; and

（4）　any aliases, fictitious names, or "doing
business as" names Individual Defendant is using.

2.　Individual Defendant shall notify the Commission
at least thirty (30) days **prior to** any changes in structure of
any business entities (i) that he controls, directly or
indirectly, or in which he has an ownership interest, and
(ii) that may affect compliance obligations arising under this
Order, including but not limited to:

a.　Any change in business name or address,

b.　Any incorporation, formation, or other
organization;

c.　Any dissolution, assignment, sale, merger, or
other action; and

d.　Any creation or dissolution of any
subsidiary, parent, or affiliate that engages in any
acts or practices subject to this Order;

*Provided that*, with respect to any proposed change
about which Individual Defendant learns less than
thirty (30) days prior to the date such action is to
take place, Individual Defendant shall notify the
Commission as soon as is practicable after obtaining
such knowledge.

1    B.    Individual Defendant shall prepare and submit written

2  reports that are true and accurate and signed under penalty of

3  perjury, setting forth in detail the manner and form in which he

4  has complied and is complying with this Order.  The first such

5  report shall be submitted to Plaintiff and to the Commission

6  thirty (30) days after the entry of this Order, and subsequent

7  reports shall be submitted to the Commission annually thereafter

8  for seven (7) years.  Each such report shall include, but not be

9  limited to:

10          1.    Individual Defendant's then-current residence

11  address, mailing addresses, and telephone numbers;

12          2.    Individual Defendant's then-current employment

13  status (including self-employment), including:

14              a.    the name, addresses, and telephone numbers of

15              each business he is affiliated with, employed by, or

16              performs services for;

17              b.    a detailed description of the nature of each

18              such business; and

19              c.    a detailed description of Individual

20              Defendant's duties and responsibilities in relation to

21              each such business or employment;

22          3.    Any other changes required to be reported under

23  Paragraph V(A); and

24          4.    A copy of each acknowledgment Individual Defendant

25  has obtained since submitting his previous report, acknowledging

26  receipt of this Order, pursuant to Paragraph VII(C) of this

27  Order.

28

STIPULATED JUDGMENT AND ORDER    18

C.   Individual Defendant shall notify the Commission of the filing of any bankruptcy petition within fifteen (15) days of filing;

D.   For the purposes of this Order, Individual Defendant shall, unless otherwise directed by the Commission's authorized representatives, send by overnight courier all reports and notifications required by this Order to the Commission, to the following address:

> Associate Director for Enforcement
> Federal Trade Commission
> 600 Pennsylvania Ave. NW, Room NJ2122
> Washington, DC  20580
>
> RE: United States v. Kutzner, Case No. SACV07-1275
>     DOC (PJWx) (C.D. Cal.)

*Provided*, that, in lieu of overnight delivery, Individual Defendant may send such reports or notifications by first-class mail, but only if he contemporaneously sends an electronic version of such report or notification to the Commission at: DEBrief@ftc.gov.

E.   For purposes of the compliance reporting and monitoring required by this Order, the Commission and its representatives are authorized to communicate directly with Individual Defendant.

**VI.  RECORD-KEEPING PROVISIONS AS TO INDIVIDUAL DEFENDANT**

**IT IS FURTHER ORDERED** that, for ten (10) years from the entry of this Order, the following records must be created and retained by Individual Defendant Damian Robert Kutzner; by his agents, employees, officers, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise; and by every business that Individual Defendant Damian Robert Kutzner controls,

STIPULATED JUDGMENT AND ORDER    19

directly or indirectly, and/or in which he has a majority
ownership interest.  The records that must be created and
retained are:

     A.   Accounting records that reflect the cost of goods or
services sold, revenues generated, and the disbursement of such
revenues;

     B.   Personnel records accurately reflecting:  the name,
address, and telephone number of each person employed in any
capacity by such business, including as an independent
contractor; that person's job title or position; the date upon
which the person commenced work; and the date and reason for the
person's termination, if applicable;

     C.   Customer files containing the names, addresses, phone
numbers, dollar amounts  paid, quantity of items or services
purchased, and description of items or services purchased, to the
extent such information is obtained in the ordinary course of
business;

     D.   Complaints and refund requests (whether received
directly, indirectly, or through any third party) and any
responses to those complaints or requests;

     E.   Copies of all sales scripts, training materials,
advertisements, or other marketing materials; and

     F.   All records and documents necessary to demonstrate full
compliance with each provision of this Order, including but not
limited to, copies of acknowledgments of receipt of this Order,
required by Paragraph VII(C), and all reports and notices
submitted to the FTC pursuant to Paragraph V(A)(1) (relating to
notices of changes submitted within 10 days of the event),

STIPULATED JUDGMENT AND ORDER     20

1  V(A)(2) (relating to notices of changes of business relating to

2  the subject matter of this Order, required to be submitted 30

3  days *prior to* the change); V(B) (periodic reports of employment

4  and business activity); and V(C) (relating to bankruptcy

5  filings).

6        **VII.   DISTRIBUTION OF ORDER BY INDIVIDUAL DEFENDANT**

7        **IT IS FURTHER ORDERED** that, for a period of seven (7) years

8  from the entry of this Order, Individual Defendant shall deliver

9  copies of the Order as directed below:

10       A.   Individual Defendant as Control Person:  For any

11  business that Individual Defendant Damian Robert Kutzner

12  controls, directly or indirectly, or in which he has a majority

13  ownership interest, Individual Defendant shall deliver a copy of

14  this Order to (1) all principals, officers, directors, and

15  managers of that business, (2) all employees, agents, and

16  representatives of that business who engage in conduct related to

17  the subject matter of the Order, and (3) any business entity

18  resulting from any change in structure set forth in Paragraph

19  V(A)(2).  For current personnel, delivery shall be within five

20  (5) days of service of this Order upon Individual Defendant.  For

21  new personnel, delivery shall occur prior to their assuming their

22  responsibilities.  For any business entity resulting from any

23  change in structure set forth in Paragraph V(A)(2), delivery

24  shall be at least ten (10) days prior to the change in structure.

25       B.   Individual Defendant as employee or non-control person:

26  For any business where Individual Defendant is not a controlling

27  person of the business but he otherwise engages in, or assists

28  others in, telemarketing, he shall deliver a copy of this Order

STIPULATED JUDGMENT AND ORDER    21

1  to all principals and managers of such business before engaging

2  in such conduct.   For any current businesses, delivery shall be

3  within five (5) days of service of this Order upon Individual

4  Defendant.

5      C.    Individual Defendant shall secure a signed and dated

6  statement acknowledging receipt of this Order within ten (10)

7  days of delivery, from all persons receiving a copy of the Order

8  pursuant to this Paragraph; and shall provide a copy of each such

9  acknowledgment to the Commission as specified in Paragraph

10  V(B)(4).

11  **VIII.   CESSATION OF BUSINESS ACTIVITIES OF CORPORATE DEFENDANT**

12      **IT IS FURTHER ORDERED** that Corporate Defendant Global

13  Mortgage Funding, Inc., shall not engage in any business and the

14  Trustee shall not seek authority to operate the business of

15  Defendant Global Mortgage Funding, Inc., pursuant to Section 721

16  of the Bankruptcy Code, 11 U.S.C. § 721, or otherwise.

17      **IX.   PROHIBITION OF SELLING OF CORPORATE DEFENDANT'S**
             **CUSTOMER LISTS**

18

19      **IT IS FURTHER ORDERED** that Corporate Defendant Global

20  Mortgage Funding, Inc., is permanently restrained and enjoined

21  from selling, renting, leasing, transferring, or otherwise

22  disclosing the name, address, telephone number, credit or debit

23  card number, bank account number, e-mail address, social security

24  number, credit report, credit score, or other identifying

25  information of any person who submitted such identifying

26  information to Corporate Defendant Global Mortgage Funding, Inc.,

27  at any time prior to entry of this Order in connection with

28  Corporate Defendant Global Mortgage Funding, Inc.'s advertising,

STIPULATED JUDGMENT AND ORDER     22

1   marketing, promoting, offering for sale and sale of mortgage and

2   related financing services.

3       *Provided, however,* that Corporate Defendant Global Mortgage

4   Funding, Inc., may disclose such identifying information to a law

5   enforcement agency or as required by any law, regulation, or

6   court order.

7       *Provided further* that, if the Trustee is in possession of

8   any customer lists or other such identifying information, he

9   shall transfer such lists or information, including all copies,

10  to the FTC.

11      **X.   CORPORATE BOOKS AND RECORDS OF CORPORATE DEFENDANT**

12      **IT IS FURTHER ORDERED** that the Trustee shall provide notice

13  to the FTC of the proposed abandonment or disposition of any

14  corporate books and records of Corporate Defendant Global

15  Mortgage Funding, Inc., in his possession.  Upon the FTC's

16  request, the Trustee shall transfer such books and records to the

17  FTC.

18      **XI.   OTHER CORPORATE DEFENDANT ASSETS**

19      **IT IS FURTHER ORDERED** that the Trustee shall provide notice

20  to the FTC of the proposed abandonment or disposition of any

21  other assets of Corporate Defendant Global Mortgage Funding, Inc.

22  Corporate Defendant Global Mortgage Funding, Inc., waives any

23  interest in all assets that the Trustee abandons, pursuant to 11

24  U.S.C. § 554, and directs that upon any abandonment its interest

25  in same be transferred to the FTC.

26      **XII.   ACKNOWLEDGMENT OF RECEIPT OF ORDER BY DEFENDANTS**

27      **IT IS FURTHER ORDERED** that each Defendant, within five (5)

28  business days of receipt of this Order as entered by the Court,

STIPULATED JUDGMENT AND ORDER    23

1  must submit to the Plaintiff and to the Commission a truthful

2  sworn statement acknowledging receipt of this Order.

3  ### XIII.   FEES AND COSTS

4  **IT IS FURTHER ORDERED** that each party to this Order shall

5  bear its own costs and attorneys' fees incurred in connection

6  with this action.

7  ### XIV.   SEVERABILITY

8  **IT IS FURTHER ORDERED** that the provisions of this Order are

9  separate and severable from one another.  If any provision is

10  stayed or determined to be invalid, the remaining provisions

11  shall remain in full force and effect.

12  ### XV.   RETENTION OF JURISDICTION

13  **IT IS FURTHER ORDERED** that this Court shall retain

14  jurisdiction of this matter for purposes of construction,

15  modification and enforcement of this Order.

16  The Bankruptcy Trustee is entering into this Order only in

17  his fiduciary capacity as Chapter 7 Trustee for Damian Robert

18  Kutzner and for Global Mortgage Funding, Inc., and not

19  individually.  The Trustee's obligations under this Order are

20  limited to those obligations specified in this Order and include

21  the duty not to seek to operate Global Mortgage Funding, Inc.'s

22  business under Section 721 of the Bankruptcy Code, to transfer to

23  the FTC any customer list or identifying information he may have

24  in his possession, and to notify the FTC of any proposed

25  abandonment or disposition of any corporate books and records in

26  his possession, and at the FTC's request, transfer these

27  corporate books and records to the FTC.

28

STIPULATED JUDGMENT AND ORDER    24

**XVI.   COMPLETE SETTLEMENT**

The parties, by their respective counsel, hereby consent to entry of the foregoing Order which shall constitute a final judgment and order in this matter.  The parties further stipulate and agree that the entry of the foregoing Order shall constitute a full, complete and final settlement of this action.

**JUDGMENT IS THEREFORE ENTERED** in favor of Plaintiff and against Defendants, pursuant to all the terms and conditions recited above.

STIPULATED JUDGMENT AND ORDER    25

1

2      WE CONSENT TO ENTRY of the above Stipulated Judgment and

3  Order for Permanent Injunction:

4

5

6                                         **FOR INDIVIDUAL DEFENDANT DAMIAN**
                                          **ROBERT KUTZNER:**

7

8  Dated:      December 30, 2008          Damian Robert Kutzner,
                                              individually and as an
9                                             officer and director of
                                              Global Mortgage Funding,
10                                            Inc.

11

12  Dated:     December 30, 2008

13                                         Michael L. Mallow
                                          Attorney for Individual
14                                            Defendant Damian Robert
                                              Kutzner

15

16                                        Loeb & Loeb LLP
                                          10100 Santa Monica Boulevard,
                                          Suite 2200
17                                        Los Angeles, CA 90067-4120
                                          310-282-2000 *phone*
18                                        310-919-3883 *fax*
                                          mmallow@loeb.com

19

20  Dated:     5/21, 2009                 James J. Joseph
                                          Chapter 7 Trustee for Individual
21                                            Defendant Damian Robert
                                              Kutzner
22                                        Danning, Gill, Diamond &
                                              Kollitz, LLP
23                                        2029 Century Park East
                                          Los Angeles, CA 90067-2094
                                          310-277-0077 *phone*
24                                        310-277-5735 *fax*

25

26

27

28

STIPULATED JUDGMENT AND ORDER      26

FOR CORPORATE DEFENDANT GLOBAL
MORTGAGE FUNDING, INC.:

Dated: ~~December ___, 2008~~ March 12, 2009

Michael L. Mallow
Attorney for Corporate Defendant
    Global Mortgage Funding,
    Inc.
Loeb & Loeb LLP
10100 Santa Monica Boulevard,
Suite 2200
Los Angeles, CA 90067-4120
310-282-2000 *phone*
310-919-3883 *fax*
mmallow@loeb.com

Dated: December 31, 2008

Damian Robert Kutzner
President of Corporate Defendant
    Global Mortgage Funding,
    Inc.

Dated: 5/21, 2009

James J. Joseph
Chapter 7 Trustee for Corporate
    Defendant Global Mortgage
    Funding, Inc.
Danning, Gill, Diamond &
    Kollitz, LLP
2029 Century Park East
Los Angeles, CA 90067-2094
310-277-0077 *phone*
310-277-5735 *fax*

STIPULATED JUDGMENT AND ORDER    27

1

2

3

4                                         **FOR PLAINTIFF THE UNITED STATES**
                                          **OF AMERICA:**
Dated:      July 14, 2009
            Washington, DC               GREGORY G. KATSAS
                                         Assistant Attorney General
5                                         U.S. DEPARTMENT OF JUSTICE

6

OF COUNSEL:                               EUGENE M. THIROLF, Director
7                                         KENNETH L. JOST, Deputy Director
JEFFREY A. KLURFELD                       Office of Consumer Litigation
Regional Director                         U.S. Department of Justice
8  Western Region
FEDERAL TRADE COMMISSION

9

10   _/s Thomas N. Dahdouh_  _____
THOMAS N. DAHDOUH                         DANIEL K. CRANE-HIRSCH
11  Attorney                              Trial Attorney
Federal Trade Commission                  Office of Consumer Litigation
12  901 Market Street, Suite 570          U.S. Department of Justice
San Francisco, CA  94103                  PO Box 386
13  Telephone:  415-848-5100              Washington, DC  20044-0386
Fax:  415-848-5184                        Telephone:  202-616-8242
14                                        Fax:  202-514-8742
                                          E-mail: Daniel.Crane-Hirsch@
15                                                 usdoj.gov

16

17

18          SO ORDERED this _17_ day of _____July_____, 2009.

19

20          _____

21          DAVID O. CARTER
            UNITED STATES DISTRICT JUDGE

22

23

24

25

26

27

28

STIPULATED JUDGMENT AND ORDER    28